R<small>ABY</small>
*vs.*
B<small>ARTON.</small>

</div>

We think the judgment pronounced, as above stated, was correct. It is, therefore, ordered, that it remain undisturbed.

R<small>ABY</small> *vs.* B<small>ARTON.</small>

<small>APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE
JUDGE OF THE EIGHTH PRESIDING.</small>

The District Court has jurisdiction of a suit on an administrator's or curator's bond, against the surety as well as the principal.

This is an action instituted against one John Holston, as administrator of the estate of a deceased brother, to render him individually liable, as well as the defendant, who is his surety for the sum of $1800, which the plaintiff alleges is due him by said estate, on several promissory notes. He further alleges, that the administrator has been guilty of gross mismanagement of said estate, and has failed to render an account of his administration; whereby, both him and the defendant, his surety, are liable, individually, for his said debt. He prays for judgment against them accordingly.

The defendants answered separately, excepting to the jurisdiction of the District Court, and averring that the matters set forth in the petition were exclusively cognizable in the Court of Probates. That the plaintiff should have presented the notes on which his claim is based, to the

EASTERN DIST. Probate Court, and first had them allowed as a claim against
June, 1836.   the estate, before coming against the administrator.

RABY
vs.
BARTON.

The surety further averred, that the first of said notes was prescribed by lapse of time; and that the action being founded on the law of *quasi* offences, is barred by the lapse of one year; wherefore he pleads the prescription of one and five years, &c.

On these issues and pleadings the parties went to trial. The District Judge was of opinion, that the law and evidence was sufficient to enable the plaintiff to recover against the administrator, but not against the defendant as his surety. Judgment was rendered against Holston for the sum claimed, and in favor of the defendant. The plaintiff appealed.

*Andrews* and *Lawson*, for the plaintiff.

*Boyle*, contra.

*Bullard, J.*, delivered the opinion of the court.

This suit is brought against one of the defendants to render him liable for mal-administration of an estate of which he had been appointed administrator, and against the other, as his surety on his bond, given to the parish judge, conditioned for the faithful administration of the estate.

Judgment was rendered against the principal, who appears to have acquiesced, but an exception set up by the surety to the jurisdiction of the District Court was sustained, and the suit being dismissed as to him, the plaintiff appealed.

The District Court has jurisdiction of a suit, on an administrator's or curator's bond, against the surety as well as the principal.

The only question presented in this case has been several times decided by this court, to wit: that the District Court has jurisdiction of a suit upon an administrator's or curator's bond against the surety. This was settled in the case of Elliott *vs.* White, 5 *Louisiana Reports*, 322, and again, at the present term, in the case of Ingram *vs.* Stokes, *ante* 26.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, so far as it relates to the

surety, be avoided and reversed; that the exception to the jurisdiction be overruled, and that the case be reinstated and remanded for further proceedings according to law, the costs of the appeal to be borne by the appellee.